IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTINE HERRLEY, Individually, And as Representative of the Estate of AUGUST HERRLEY, deceased, TABITHA SUE HERRLEY, AND AUGUST LEO HERRLEY II<br><br>*Plaintiffs*<br><br>VS.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC<br><br>*Defendants* | § § § § § § § § § § § § § § § | Case Number: 2:21-cv-00158<br><br><br><br><br><br><br>**COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, Christine Herrley (Individually, and as Representative of the Estate of August Leo Herrley, deceased), Tabitha Sue Herrley, and August Leo Herrley II, and file their Original Complaint against Defendant Daimler Trucks North America, LLC ("DTNA"). In support thereof, Plaintiffs would respectfully show the Court as follows:

### I.
### PARTIES

1.1   Plaintiff Christine Herrley is domiciled in Texas and is therefore a citizen of Texas and was so at the time of the Subject Incident. Christine Herrley brings her individual claim for the wrongful death of her husband August Leo Herrley Sr., deceased. Christine Herrley also brings a claim as representative of the estate of August Herrley, deceased.

1.2     Plaintiff Tabitha Sue Herrley is domiciled in Texas and is therefore a citizen of Texas and was so at the time of the Subject Incident. Tabitha Sue Herrley brings her individual claim for the wrongful death of her biological father August Leo Herrley Sr., deceased.

1.3     Plaintiff August Leo Herrley II is domiciled in Texas and is therefore a citizen of Texas and was so at the time of the Subject Incident.  August Leo Herrley II brings his individual claim for the wrongful death of his biological father, August Leo Herrley Sr., deceased.

1.4     Defendant Daimler Trucks North America, LLC, ("DTNA") is a limited liability company incorporated under the laws of Delaware with its principal place of business in Oregon. DTNA conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas.  DTNA's President, Roger Nielsen as well as DTNA's Vice President, John O'Leary, are both from Portland Oregon. DTNA can be served with process by serving its registered agent C T Corporation Systems at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## II.
## VENUE AND JURISDICTION

2.1     Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas. More specifically, the incident that forms the basis of this lawsuit occurred in Live Oak County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.

2.2     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00.

2.3     This Court has specific personal jurisdiction over the Defendant because it purposely directed its activities to Texas and the claims made in this litigation are the result of injuries that arise directly out of and relate to those activities.  In particular, this action arises foreseeably from Defendant's conduct following its purposeful choices to maintain manufacturing facilities in Texas and to sell its tractor-trailers in Texas, and its failure to exercise ordinary care while doing those things.  Indeed, the tractor involved in the incident that gives rise to this action was sold by Defendant in Texas to a Texas purchaser.  Defendant should have reasonably anticipated being haled into court in Texas given the substantial connection between its activities in Texas and the claims made in this lawsuit.  Thus, this action seeks to adjudicate issues deriving directly from or connected directly with its tortious activities in Texas, and this Court's personal jurisdiction over this Defendant as the action arises from that nexus. Defendant itself created the contacts with Texas by purposefully availing itself of the privilege of conducting activities within Texas. Defendant has sufficient minimum contacts with the State of Texas to support the exercise of personal jurisdiction over it by a court in the forum state.  Based upon the direct connection between the Defendant's activities in Texas and the claims made against it, as well as the minimum contacts it purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with due process; it does not offend traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

## III.
## BACKGROUND FACTS

3.1     On April 27, 2020, Mr. August Leo Herrley Sr., (age 49), was traveling northbound on IH-37 in a 2021 Freightliner Cascadia 126 tractor-trailer which was manufactured and designed by DTNA. Mr. Herrley was travelling that day from Corpus Christi, Texas to San Antonio, Texas.  While doing so, the tractor, which was equipped automation technology -- including lane departure systems and other detection systems -- lost control, ran off the road, and crashed into a guardrail and steep embankment.  Mr. Herrley Sr., suffered blunt force injuries, which led to his death.

3.2     Subsequent investigation revealed that the DTNA-equipped automated systems in the tractor malfunctioned and failed to initiate the safety systems that are designed to prevent such incidents from occurring or to minimize the injuries and prevent deaths resulting from such incidents.

## CAUSES OF ACTION AGAINST DEFENDANTS
## <u>DIAMLER TRUCKS NORTH AMERICA</u>

## IV.
## PRODUCTS LIABILITY

4.1     The subject 2021 Freightliner was designed, manufactured, and sold by DTNA. At the time the tractor was sold, DTNA was in the business of designing, manufacturing, and selling tractors such as the one in question.

4.2     At the time the tractor in question was designed, manufactured, and sold by DTNA, it was defective in design and unreasonably dangerous as designed. The defective and unreasonably dangerous condition of the 2021 Freightliner was a producing cause of the death of Mr. August Leo Herrley Sr., and damages to Plaintiffs.

4.3     The defects regarding the 2021 Freightliner at issue include, but are not limited to, the tractor's automation system(s), lane departure system(s), and detection

system(s). The 2021 Freightliner that August Leo Herrley, Sr. was driving was equipped with those automated safety systems. During the occurrence that gives rise to this action, however, those defective automated safety systems failed and did not protect August Leo Herrley Sr. The defective automated safety systems were a producing cause of the death of Mr. August Leo Herrley Sr., and the damages to the Plaintiffs.

    4.4    There were safer alternative designs other than the one used, which were economically and technologically feasible and would have prevented or significantly reduced the risk of the accident and/or injury in question without substantially impairing the vehicle's utility. DTNA could have designed its automated safety systems in manner that would have made them less prone to failure. Such safer alternative designs were available in the market and were technologically and economically feasible at the time of the 2021 Freightliner was manufactured and would not have impaired the utility of the tractor. For instance, other automation systems, such as the Bendix® Wingman® Fusion™, were available and were technologically and economically feasible. Such alternatives are safer than the DTNA system because (among other things) such alternative designs work as a fully integrated system that works together with its camera detection device(s)/system(s), radar device(s)/system(s), stability device(s)/system(s), sensors, and software that are designed to always create a detailed data picture of the vehicle's surroundings to protect the driver and the public. Such safer alternatives are also designed and equipped with reliable collision mitigation features that will trigger automatic braking when the system determines that a potential collision is imminent. The same safer alternatives use these features to also prevent and mitigate rollovers and loss of control situations. In addition, such safer alternatives also contain reliable highway

departure warning and braking systems that assist the driver in maintaining his lane of travel.

4.5     The safer alternative designs were economically and technologically feasible at the time the product left the control of DTNA by the application of existing or reasonably achievable scientific knowledge. Indeed, such safer alternative designs were already in use in the relevant industry at the time that the vehicle in question in this action was designed and manufactured.

4.6     At the time of the accident, the tractor was in the same or substantially similar condition as when it left the control of DTNA and was placed into the stream of commerce. No material alterations were made to the tractor.

4.7     Further, at the time the tractor in question was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of such tractors. The defective and unreasonably dangerous design of the tractor was a producing cause of the death of Mr. August Leo Herrley, Sr., and injuries and damages to Plaintiffs.

## V.

## NEGLIGENCE

5.1     DTNA committed actions of omission and commission, which collectively and severally constituted negligence, and which were a proximate cause of the death of Mr. August Leo Herrley, Sr., and the injuries and damages to Plaintiffs.

5.2     DTNA had a duty to exercise ordinary care and breached that duty by its acts of negligence, including the following:

      (a)     Negligently designing the automation safety system(s) found within the tractor in question;

    (b)    Negligently designing the lane departure system(s) found within the tractor in question;

    (c)    Failing to adequately train and assist dealers in the dangers associated with the tractor;

    (d)    Failure to warn about and disclose known problems and defects;

    (e)    Equipping the subject tractor with defective safety automation system(s)

5.3    The negligent conduct of DTNA on the occasion in question was a proximate cause of the occurrence in question and the death of August Leo Herrley Sr., and injuries and damages to Plaintiffs.

## DAMAGES

### VI.
### ACTUAL DAMAGES

6.1    Christine Herrley, individually, as representative of the Estate of August Leo Herrley Sr., Deceased, Tabitha Sue Herrley, and August Leo Herrley II, seek to recover actual, special, incidental and/or consequential damages suffered as the result of the untimely death and loss of August Leo Herrley Sr., as provided for by Texas Civil Practice and Remedies Code § 71.001, *et seq.*, the "Texas Wrongful Death Act." Such damages include:

    (a)    Past and future pecuniary loss

    (b)    past and future loss of companionship and society

    (c)    Past and future mental anguish,

    (d)    loss of inheritance;

6.2     Additionally, Christine Herrley, as representative of the Estate of August Leo Herrley Sr., Deceased, seeks to recover survival damages, on behalf of August Leo Herrley Sr., pursuant to Texas Civil Practice and Remedies Code § 71.021, including:

(a)     funeral and burial expenses related to the subject incident, and

(b)     damages for the conscious pain and suffering Mr. August Leo Herrley Sr., experienced prior to the time of his death.

## VII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

## VIII.
## CONDITIONS PRECEDENT

8.1     All conditions precedent to Plaintiffs' rights to recover and Defendant's liability have been performed or have occurred.

## IX.
## JURY DEMAND

9.1     Plaintiffs request a trial by jury and tender the requisite fee.

## X.
## PRAYER FOR RELIEF

10.1    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from Defendant for actual, special, incidental and/or consequential damages as pled herein, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves, to be justly entitled, whether at law or in equity.

Respectfully Submitted,

**WATTS GUERRA LLP**

*/s/ Jorge L. Mares*
MIKAL C. WATTS
State Bar No. 20981820
mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV
State Bar No. 00796684
fguerra@wattsguerra.com
JORGE L. MARES
State Bar No. 24087973
jmares@wattsguerra.con
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
Telephone No.: 210.447.0500
Facsimile No.: 210.447.0501

**ATTORNEYS FOR PLAINTIFFS**